## MULLEN v. DIRECTOR OF PATUXENT INSTITUTION

[App. No. 147, September Term, 1963.]

*Decided May 8, 1964.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

PER CURIAM.

The applicant for leave to appeal, Emmett Willard Mullen, pleaded guilty to second degree murder and was sentenced to twelve years in the Maryland Penitentiary on August 7, 1963, by Judge Powers, sitting in the Circuit Court for Prince George's County. He did not appeal, but in October 1963 filed a petition under the Post Conviction Procedure Act, listing the following seven grounds for relief:

1. he was advised and induced by a police officer to waive his preliminary hearing;
2. his "indictment was not a true bill" as it was procured by

a single police officer who appeared before the grand jury and rendered hearsay evidence;

3. one of the persons who testified before the trial court committed perjury (the evidence was only taken in regard to Mullen's sentence, as he had pleaded guilty) ;

4. a police officer, who was present in court when the alleged false statements were being made, knew them to be untrue but made no effort to contradict them ;

5. police officers gave false testimony before the court and beat him to educe a confession from him;

6. the police perpetrated an illegal search and seizure of his apartment;

7. his counsel acted not in his "best interest" when he advised him to plead guilty to murder in the second degree.

All of the above contentions were examined carefully and dismissed on factual bases by Judge Parker, who conducted the hearing on Mullen's petition, and we adopt the reasons given by him in his opinion for rejecting them as unsubstantial.

Mullen seems to have claimed also that he was illegally arrested (although in an oblique way, as he included the contention in the concluding portion of his application). This supposed irregularity, if true or material, was waived by the applicant's guilty plea, *Thomas v. Warden,* 233 Md. 607, 608, and *Case v. State,* 228 Md. 551, 554, and, additionally, Judge Parker found that "[t]here is no evidence of an illegal search and seizure." See *Young v. Warden,* 233 Md. 597, 599.

In his application for leave to appeal, Mullen says (1) that counsel who represented him at his hearing did not protect his "rights as guaranteed under the United States Constitution," and (2) he has never received any "court records" requested, and he appends a "Petition for Transcript and all Court Records" to his application. The petition asks that there be delivered to him twenty-one different items, a few of which are: "copy of the swearing in of grand jury"; "copy of defendant's criminal record, both state and federal"; and "copy of photograph taken of myself in Police headquarters, Prince George's County, October 11, 1962."

In view of Judge Parker's extensive opinion, the applicant's first allegation in his application is groundless, and we think that no useful purpose could be served by furnishing him the numerous records he has requested.

*Application denied.*